WESTERN UNION TELEGRAPH COMPANY *v.* NASHVILLE, C.
& ST. L., RY. CO.,*

(*Jackson.*   April Term, 1921.)

1. **RAILROADS.** Commercial telegraph line not included in railroad's
easement.

A railroad company has no such title to its right of way as authorizes
it to permit the erection thereon of a commercial telegraph line
disconnected from the railroad operation. (*Post pp.* 87-90.)

2. **EMINENT DOMAIN.** Rental value of part of railway right of way
taken by telegraph company immaterial.

In a condemnation proceeding by a telegraph company against a
railway company, it was not error to exclude from the jury's con-
sideration the rental value that portion of the right of way taken
for plaintiff's poles and wires. (*Post, pp.* 87-90.)

Cases cited and approved: Western Union Tel. Co. v. Railroad, 133
Tenn., 691; Southern Ry. Co. v. Vann, 142 Tenn., 76; Northern
Pac. R. Co. v. North American Tel. Co., 230 Fed., 347; Union Pac.
R. Co. v. C., M. & St P. R. Co., 163 U. S., 564.

Case cited and distinguished: Railroad v. Telegraph Co., 101 Tenn.,
62.

3. **RAILROADS.** Easement in right of way.

A railroad company has no such broad easement in its right of way
as a city has in its streets. (*Post, p.* 90.)

Case cited and approved: Frazier v. Tel. Co., 115 Tenn., 416.

---

*On the question of abutting owner's right to object to multipli-
cation of telegraph and telephone poles on city streets and country
roads, see notes in 24 L. R. A., 721; 3 L. R. A. (N. S.), 323, and 7
L. R. A. (N. S.), 87.

On uses to which railroad right of way may be devoted as against
the owner of the fee, see note in 36 L. R. A. (N. S.), 512.

On right and measure of compensation to owner of fee when tele-
graph or telephone line is erected along railroad right of way or
highway, see note in 8 A. L. R., 1293.

FROM CARROLL.

Appeal from the Circuit Court of Carroll County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Thos. E. Harwood, Judge.

John S. Cooper, G. T. McCall, Pitts & McConnico and Chas. T. Cates, Jr., for plaintiff in error.

John T. Peeler, Lamb & Lamb and Fitzgerald Hall, for defendant in error.

Mr. Justice Green delivered the opinion of the court.

This is a condemnation proceeding instituted by the Western Union Telegraph Company to locate its poles and wires along the right of way of the Nashville, Chattanooga & St. Louis Railway Company. Vigorous resistance was offered by the railway company, and many defenses interposed. On the first trial of the case below it was held in the circuit court that the railway company was only entitled to nominal damages; the right of the telegraph company to condemn being sustained.

The case was brought to this court and the judgment of the trial court in so far as it held that the telegraph company was entitled to condemn was affirmed.

We held, however, that the railway company was entitled to more than nominal damages as to one of the lines of telegraph here sought to be located, and the case

was reversed and remanded for a new trial upon the question of the compensation to be allowed to the railway company. The court discussed the case fully, and undertook to lay down rules for the assessment of damages in an opinion contained in 133 Tenn., 691, 182 S. W., 254.

The case was again tried in the circuit court, and a verdict for a small amount was returned by the jury in favor of the railway company which, was approved by the circuit judge. The railway company was dissatisfied with the result, and appealed in error to the court of civil appeals. That court affirmed the judgment below. It gave very full consideration to the case, opinions being filed herein by three of the judges. The railway company filed its petition for *certiorari,* and has reassigned here many of the errors assigned in the court of civil appeals.

We went into this case very fully when it was here before, and, as just stated, the court of civil appeals has discussed it at great length. The briefs of counsel are very full, and we have therefore not thought it necessary to have the case argued again.

We do not think there was any material error in the proceedings below. The former opinion of this court and the opinions filed in the court of civil appeals on the last hearing there sufficiently discuss all the questions raised by the railway company except one.

It is insisted by the railway company that the trial judge erred in excluding from the consideration of the jury the rental value of that portion of its right of way taken by the telegraph company for its poles and wires.

In *Railroad* v. *Telegraph Co.*, 101 Tenn., 62, 46 S. W., 571, this court, in speaking of the title of a railroad company to its right of way said:

"It cannot license the appropriation of . . . such right of way to private business purposes, nor to public purposes, except so far as needful, and helpful to the operation of the road itself."

This was assumed to be the law in *Western Union Telegraph Co.* v. *Railroad*, 133 Tenn., 691, 182 S. W. 254, and similar expressions of the court are contained in *Southern Railway Co.* v. *Vann*, 142 Tenn., 76, 216 S. W., 727, and other cases.

The railway company strongly urges upon our consideration the case of *Northern Pac. R. Co.* v. *North American Telegraph Co.*, 230 Fed., 347, 144 C. C. A., 489, L. R. A., 1916E, 572. In this case a contrary view was taken, and it is urged that the latter view is the better one.

In the case just mentioned the telegraph company sought to condemn a right of way along the railway company's right of way which it had previously leased. The railroad company had its own line of telegraph for its business and the operation of its trains on the other side of the track. The court held that the railroad company was entitled to lease this surplus easement which it did not presently require in its own business to another for the purpose of operating a telegraph line, and to recover the rental value thereof when such surplus use was condemned.

The opinion in this case was delivered by Judge SANBORN, speaking for the circuit court of appeals for the

eight circuit. It is entitled to the deference which any expression of that distinguished jurist commands.

In the outset of his opinion Judge SANBORN said that the railroad company had a right of way for railroad and telegraph purposes.

If this was in truth the nature of the right of way owned by the railroad company in that case, the opinion is entirely sound. If, on the contrary, the railroad company had merely a right of way for railroad purposes and the right to operate a telegraph line simply as an incident and aid to the operation of the railroad, then we do not follow the decision.

We do not think the decisions upon which Judge SANBORN's opinion is based furnish any authority for the conclusion that a railroad company is entitled to operate a commercial telegraph along its right of way entirely disconnected from its own business, or that it could lease a part of its right of way to a commercial telegraph company for this purpose.

The principal authority relied on by Judge SANBORN is *Union Pacific R. Co.* v. *Chicago, M. & St. P. R. Co.*, 163 U. S., 564, 16 Sup. Ct., 1173, 41 L. Ed., 265. This case was heard at circuit by Justice BREWER, 47 Fed., 15, and in the circuit court of appeals for that circuit, where the opinion was delivered by Judge SANBORN, himself, 51 Fed., 309, 2 C. C. A., 174.

In this case the courts before which it came sanctioned the validity of a lease or contract by which one railroad company granted to another the right to use a portion of the tracks of the former for the trains of the latter.

This was merely the letting of the surplus use of its right of way by one railroad to another for the very purposes for which both railroad companies were incorporated, and for the very purposes for which the right of way was obtained by the lessor company.

We find nothing in the case to authorize a railroad company which has obtained a right of way for railroad purposes to devote a portion of its right of way to another purpose.

It is almost everywhere held that the erection of a line of telegraph over the right of way of a railroad company, not to be used in the operation of the railroad but for purely commercial purposes, imposes an additional burden on the fee, and the landowner is entitled to additional compensation from the telegraph company, 22 R. C. L. 867. See many cases collected in notes, 36 L. R. A. (N. S.), 519; 8 A. L. R., 1293.

In other words, a railroad company has no such title to its right of way as authorizes it to permit the erection thereupon of a commercial telegraph line, altogether disconnected from railroad operation, for commercial purposes. Therefore, to value a railroad's right to lease a right of way along its right of way to a telegraph company for such purposes would be to value something that the railroad company did not have, and which could not possibly be taken from it.

A railroad company has no such broad easement as a city has in its streets, and therefore *Frazier* v. *Tel. Co.*, 115 Tenn., 416, 90 S. W., 620, 3 L. R. A. (N. S.), 323, 112 Am. St. Rep., 856, 5 Ann. Cas., 838, is not in point.

The judgment of the court of civil appeals is accordingly affirmed.